UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.

TONY KELLY,

    Plaintiff,

v.

JAYMA CARDOSO; JCLP HOSPITALITY LLC d/b/a The Snow Lodge; JC HOSPITALITY ASPEN LLC d/b/a The Snow Lodge; STEPHANE DE BAETS; ELEVATED RETURNS, LLC; and CHEF'S CLUB ASPEN, INC.,

    Defendants.

**COMPLAINT – ACTION FOR DAMAGES FOR PROPERTY RIGHTS INFRINGEMENT**

Plaintiff Tony Kelly ("Kelly" or "Plaintiff") brings this Complaint against Defendants Jayma Cardoso ("Cardoso"), JCLP Hospitality LLC d/b/a The Snow Lodge, JC Hospitality Aspen LLC d/b/a The Snow Lodge (together with JCLP Hospitality LLC "The Snow Lodge"), Stephane De Baets, Elevated Returns, LLC, and Chef's Club Aspen, Inc. (collectively, "Defendants"), and alleges as follows:

## Introduction

1. This is a case about the ongoing copyright infringement by Defendants of Plaintiff's photograph "Off-Piste" ("the "Photograph").

2. Kelly is a critically acclaimed and globally renowned fine art and fashion

1

photographer.

3.      In 2023, Plaintiff published a series of photographs called the "Alpine Series" that included the Photograph and promptly registered the photographs with the United States Copyright Office.

4.      Nonetheless, beginning in or around February 2024, Defendants posted a copy of the Photograph to the Instagram account for their business venture The Snow Lodge—a bar, restaurant and music venue located in the St. Regis Hotel in Aspen, Colorado.

5.      At no time did Plaintiff grant Defendants authority or license to use the Photograph, or any other work, to advertise their commercial venture or for any other purpose.

6.      This is a civil action seeking damages under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

## Jurisdiction and Venue

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

8.      This Court has personal jurisdiction over Defendants because: (i) Defendants committed the tortious conduct alleged in this Complaint in this State; (ii) Defendants have engaged in substantial – and not isolated – business activity in this State.

9.      Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and (ii) Defendants are subject to the Court's personal jurisdiction in this judicial district with respect to this action. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a)

(venue for copyright cases) because Defendants or Defendants' agents reside or may be found in this District.

### Parties

10.     Kelly is a fine art and fashion photographer residing at 447 North Hayworth Avenue, West Hollywood, CA 90046.

11.     Defendant Jayma Cardoso is an individual residing at 62 Beach Street, TH-A, New York, NY 10013. Upon information and belief, Cardoso is the founder, owner, manager and creative director of The Snow Lodge, a supper club, lounge and music venue located at the St. Regis Hotel in Aspen, Colorado. Upon information and belief, Cardoso is also the founder and owner of The Surf Lodge, a bar, restaurant and music venue located in Montauk, New York.

12.     Defendant JCLP Hospitality LLC is a Colorado limited liability company formed on May 3, 2021, with a principal place of business located at 62 Beach Street, Apt. TH-A, New York, NY 10013, and operating under the trade name "The Snow Lodge." Upon information and belief, JCLP Hospitality LLC is managed by Cardoso.

13.      Defendant JC Hospitality Aspen LLC is a Colorado limited liability company formed on December 9, 2019, with a principal place of business located at 315 East Dean Street, Aspen, CO 81611, and operating under the trade name "The Snow Lodge." Upon information and belief, JC Hospitality Aspen LLC is managed by Cardoso.

14.     Defendant Stephane De Baets is an individual residing at 570 Johnson Drive, Aspen, CO 81611. Upon information and belief, De Baets owns and manages Defendants Elevated Returns, LLC and Chef's Club Aspen, Inc. and has partnered with Cardoso to manage The Snow Lodge.

15. Defendant Elevated Returns, LLC is a Delaware limited liability company registered to due business in Colorado on March 21, 2022, with a principal office located at 570 Johnson Drive, Aspen, CO 81611. Upon information and belief, Elevated Returns, LLC is managed by De Baets and has partnered with Cardoso to manage The Snow Lodge.

16. Defendant Chef's Club Aspen, Inc. is a Colorado corporation founded by De Baets and incorporated on October 3, 2012, with a principal place of business located at 315 East Dean Street, Aspen, CO 81611. Upon information and belief, Chef's Club Aspen, Inc. partnered with Cardoso to offer The Snow Lodge as a resident chef at the St. Regis Hotel in Aspen.

## Factual Background

### *Plaintiff's Copyrighted Photograph "Off-Piste"*

17. Kelly is a critically acclaimed fashion and fine art photographer respected globally for his cinematic, stylish and subversive aesthetic that emphasizes bold, vivid colors and glossy finish.

18. Over his three-decade career, Kelly's award-winning photographs have appeared in numerous high-profile publications, including *Vanity Fair*, *Vogue*, *GQ*, *Playboy* and *L'Officiel*.

19. Kelly has also shot for high-end brands including MAC Cosmetics, Louis Vuitton, Campari, BMW and American Apparel, as well as celebrities including Snoop Dogg, Bruno Mars, Emily Ratajkowski, Demi Lovato and Justin Bieber.

20. In 2022, Kelly created, composed and shot the Photograph in St. Moritz, Switzerland. The photograph depicts a model wearing snow skis riding atop a Ferrari Testarrosa on a clear day with a snow-covered mountain in the background. A true and correct copy of the

4

Photograph is attached to this Complaint as **Exhibit 1**.

21. Kelly published the Photograph in 2023 as part of a group of six photographs known as the "Alpine Series."

22. The Photograph is displayed on Kelly's website and available for commercial sale.

23. Kelly owns the copyright to the Photograph and, on December 1, 2023, Plaintiff registered the Photograph and the Alpine Series with the United States Copyright Office.

24. On January 9, 2024, the United States Copyright Office issued a Certificate of Registration to Plaintiff for the Photograph and the Alpine Series. A true and correct copy of the Certificate of Registration, including the registration number, is attached to this Complaint as **Exhibit 2**.

*Defendants Are Using the Photograph Without Plaintiff's Authorization to Advertise The Snow Lodge*

25. Upon information and belief, Defendants own and/or operate The Snow Lodge, a pop-up restaurant and venue located at the St. Regis Hotel in Aspen, Colorado.

26. The Snow Lodge is advertised as a supper club, lounge and music venue providing a curated programming of music, art, fashion and wellness.

27. At no time did Defendants request from Plaintiff, and at no time did Plaintiff grant any of the Defendants, or anyone else, permission or license to use Plaintiff's copyrighted Photograph in connection with The Snow Lodge or for any other purpose.

28. Nonetheless, in or around February 2024, Defendants began using the Photograph to advertise The Snow Lodge.

29. For example, in a post that was dated February 12, 2024, the Instagram account

5

for The Snow Lodge publicly displayed the Photograph to advertise the musical guest lineup for the week of February 14-18, 2024 (the "Infringing Instagram Post"). A true and correct copy of the Infringing Instagram Post is attached to the Complaint as **Exhibit 3**.

30. The Infringing Instagram Post superimposed onto the Photograph the words: "Weekly Lineup," "(2.14-2.18)," "The Snow Lodge" and "Aspen, CO," and also included a caption reading: "The more aprés days the better! Celebrate the long weekend with us by grabbing tickets to our courtyard events, making Supper Club reservations, and booking Jade Room tables all via our link in bio."

31. The Infringing Instagram Post includes a "tag" reading "jaymacardoso" that links to Cardoso's Instagram profile and points to the skier on top of the car.

32. The Infringing Instagram Post also includes a "tag" reading "thesurflodge" that links to the Surf Lodge's Instagram profile and points to the driver of the car.

33. As of April 5, 2024, the Infringing Instagram Post had 517 likes and 9 positive comments.

34. Following Defendants' unauthorized use of the Photograph in the Infringing Instagram Post, a manager of The Snow Lodge inquired via a third party about the price of Plaintiff's Alpine Series prints but Plaintiff at no time sold a copy of the Photograph to the Defendants or authorized Defendants to use the Photograph to advertise The Snow Lodge.

35. Defendants' infringement is continuous and ongoing. Absent this lawsuit, Plaintiff knows of no way to effectively prevent Defendants from infringing Plaintiff's copyrighted work.

36. Plaintiff is entitled to seek actual damages and profits, statutory damages and/or

attorneys' fees under 17 U.S.C. § 501 et seq. of the United States Copyright Act.

## COUNT I

### Direct Copyright Infringement (Against All Defendants)

37. The allegations contained in paragraphs 1-36 are hereby re-alleged as if fully set forth herein.

38. Plaintiff is the owner of the Photograph which is an original work of authorship.

39. Defendants, including any employee, agent, or other third party under the direct supervision or control of Defendants, copied and publicly displayed the constituent elements of the Photograph to advertise Defendants' business The Snow Lodge.

40. At no point in time did Plaintiff authorize, permit or consent to Defendants' copying, distribution and/or display of the Photograph, expressly or otherwise.

41. As a result of the foregoing, Defendants violated Plaintiff's exclusive right to:

(A) Reproduce the Photograph in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Distribute copies of the Photograph to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Display the Photograph publicly, by transmitting a copy of the Photograph by any device or process to the public, in violation of 17 U.S.C. §§ 106(5) and 501; and

(D) Prepare derivative works based upon the Photograph, in violation of 17 U.S.C. §§ 106(2) and 501.

42. As a result of Defendants' direct copyright infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount to be established at trial.

43. As a result of Defendants' direct copyright infringement, Defendants have

obtained profits they would not have realized but for their infringement of Plaintiff's copyrighted Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the Infringing Instagram Post, in an amount to be established at trial.

44. Defendants have committed direct copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of direct copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

## COUNT II

**Vicarious and/or Contributory Copyright Infringement (Against All Defendants)**

45. The allegations contained in paragraphs 1-44 are hereby re-alleged as if fully set forth herein.

46. The Defendants, including any employee, agent or other third party under the control and supervision of the Defendants, directly infringed Plaintiff's copyrighted Photograph in the Infringing Instagram Post advertising The Snow Lodge.

47. The Defendants had knowledge of, and materially contributed to, induced and encouraged, the Infringing Instagram Post.

48. Upon information and belief, each of the Defendants possesses the ability to control and/or supervise any individuals responsible for the Infringing Instagram Post.

49. Defendants failed to exercise their right to stop the Infringing Instagram Post.

50. Upon information and belief, Defendants jointly own and operate The Snow Lodge and have a direct financial interest in the revenue and profit generated by The Snow Lodge, including the revenue and profit generated by the Infringing Instagram Post.

51. As a result of Defendants' acts of contributory and/or vicarious copyright infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount to be established at trial.

52. As a result of Defendants' acts of contributory and/or vicarious copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrighted Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the Infringing Instagram Post, in an amount to be established at trial.

53. Defendants have committed vicarious copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of contributory and/or vicarious copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendants from continuing to infringe Plaintiff's copyrighted Photograph;

(B) Order that Defendants delete and permanently remove the infringing copies of the Photograph from each of the computers, phones, or other electronic devices under Defendants' possession, custody or control;

(C) Award Plaintiff actual damages and additional profits of Defendants pursuant to 17 U.S.C. § 504(a) and (b);

(D) Award Plaintiff statutory damages pursuant to 17 U.S.C. § 504(a) and (c)

(E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C.

Case No. 1:24-cv-01096-MEH   Document 1   filed 04/22/24   USDC Colorado   pg 10 of 10

§ 505; and

    (F)    Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 22nd day of April, 2024

Respectfully submitted,

/s/ *Lincoln D. Bandlow*
Lincoln D. Bandlow, Esq.
Law Offices of Lincoln Bandlow, PC
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550
Lincoln@BandlowLaw.com
***Attorneys for Plaintiff Tony Kelly***