IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 24-cv-1096-MEH**

TONY KELLY

    Plaintiff,

v.

JAYMA CARDOSO, JCLP HOSPITALITY LLC d/b/a The Snow Lodge, JC HOSPITALITY ASPEN LLC d/b/a The Snow Lodge, STEPHANE DE BAETS, ELEVATED RETURNS, LLC, and CHEF'S CLUB ASPEN, INC.

    Defendants.

## ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS

Defendants Stephane De Baets, Elevated Returns, LLC, and Chef's Club Aspen, Inc. (collectively "Secondary Defendants"), by and through counsel, Garfield & Hecht, P.C., hereby answer the Complaint filed by Plaintiff Tony Kelly ("Plaintiff") and assert affirmative defenses and cross-claims as set forth below:

### INTRODUCTION

1. Paragraph 1 of the Complaint states an opinion to which no response is necessary. To the extent a response is required, Secondary Defendants deny the same.

2. Paragraph 2 of the Complaint states an opinion to which no response is necessary. To the extent a response is required, Secondary Defendants deny the same.

3. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore, deny the same.

4. The allegations contained in Paragraph 4 of the Complaint are denied.

3021556.2

5. The allegations contained in Paragraph 5 of the Complaint are denied.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, Secondary Defendants deny the same.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, Secondary Defendants deny the same.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, Secondary Defendants deny the same.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, Secondary Defendants deny the same.

## PARTIES

10. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

11. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

12. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

13. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

14. The allegations contained in Paragraph 14 of the Complaint are denied.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied.

## FACTUAL BACKGROUND

17. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

18. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

19. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

20. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

21. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

22. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

23. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

24. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

27. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

30. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint. To the extent a response is

required, Secondary Defendants deny the same.

31. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

32. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

33. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

34. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. Paragraph 36 of the Complaint states a legal conclusion to which no response is necessary. To the extent a response is required, Secondary Defendants deny the same.

## FIRST CLAIM FOR RELIEF
### (Alleged Direct Copyright Infringement)

37. With respect to Paragraph 37 of the Complaint, Secondary Defendants hereby incorporate their answers to all preceding allegations by reference.

38. Secondary Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint. To the extent a response is required, Secondary Defendants deny the same.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations contained in Paragraph 42 of the Complaint are denied.

43. The allegations contained in Paragraph 43 of the Complaint are denied.

44. The allegations contained in Paragraph 44 of the Complaint are denied.

## SECOND CLAIM FOR RELIEF
### (Alleged Vicarious and/or Contributory Copyright Infringement)

45. With respect to Paragraph 45 of the Complaint, Secondary Defendants hereby incorporate their answers to all preceding allegations by reference.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

49. The allegations contained in Paragraph 49 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are denied.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

## GENERAL DENIAL AND RESERVATION OF RIGHTS

Secondary Defendants deny any and all allegations contained in the Complaint not expressly admitted above. Secondary Defendants reserve the right to amend and/or supplement this responsive pleading and to add additional defenses and counterclaims and third-party claims as warranted by subsequent investigation and ongoing discovery in this civil action.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove the elements of each and every claim that it asserted in its Complaint as pertains to any or all of the Secondary Defendants.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff gave consent.

4. Plaintiff's claims are barred, in whole or in part, because of the acts of his apparent or implied-at-law agent(s).

5. Plaintiff's damages, if any, are the result of the actions of third parties over whom Secondary Defendants have or had no right to control.

6. Plaintiff's claims are barred, in whole or in part, because Secondary Defendants have at all relevant times acted in good faith.

7. Plaintiff's claims are barred by the doctrine of fair use and other limitations on exclusive rights found in 17 U.S.C. §§ 107-112.

8. Plaintiff's claims are barred because the work that is the subject of Plaintiff's claims bears no substantial similarity to Plaintiff's original work.

9. Plaintiff's claims are barred by the applicable statute of limitations.

10. Plaintiff's claims are barred because Plaintiff's copyright is invalid and/or Plaintiff is not the rightful owner of the copyright.

11. Plaintiff's claims are barred and/or its damages should be reduced because any infringement that occurred, if any occurred at all, was not willful.

## CROSSCLAIMS

### PARTIES, JURISDICTION, AND VENUE

1. Stephane De Baets ("De Baets") is an natural person who resides in Aspen, Colorado.

2. Elevated Returns, LLC ("Elevated") is a Delaware limited liability company with a principal office address of 570 Johnson Drive, Aspen, Colorado 81611.

3. Chefs Club Aspen, Inc. ("Chefs Club") is a Colorado corporation with a principal office address of 315 E. Dean Street, Aspen, Colorado 81611.

4. This Court has jurisdiction to hear state law claims under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391, as the acts alleged took place within the State of Colorado.

### GENERAL ALLEGATIONS

6. Defendants hereby incorporate by reference all prior allegations set forth in this responsive pleading.

7. On or around April 13, 2013, Chefs Club entered into a lease to rent property located in the St. Regis Hotel in Aspen, Colorado (the "Master Lease").

8. On or around May 15, 2022, Chefs Club entered into a Sublease ("Sublease") with JCLP Hospitality, LLC ("JCLP") for JCLP's subleasing about 5,120 square feet of indoor space and 2,090 square feet of courtyard space that Chefs Club was renting pursuant to the Master Lease.

9. Pursuant to the Sublease, JCLP, as tenant, is obligated to defend and indemnify Chefs Club and its Related Parties against any claims against Chefs Club and its Related Parties related to any infringement or other circumstances relating to JCLP's Trademarks and the fraud, willful misconduct, unlawful act or negligence of JCLP, its Related Parties, any corporate personnel, any executive staff or any other person employed by or under the direction of JCLP.

10. Elevated is an affiliated entity of Chefs Club.

11. De Baets is a principal in both Chefs Club and Elevated.

12. As such, Elevated and De Baets are Chefs Club's Related Parties as that term is defined in the Sublease.

13. Therefore, on or around May 17, 2024, after being served with process in the above-captioned lawsuit, Chefs Club, Elevated, and De Baets, by and through counsel, sent a letter to JCLP demanding that JCLP satisfy its obligations to defend Chefs Club, Elevated, and De Baets from the claims asserted against them and to indemnify against any judgment entered on the same.

14. The May 17, 2024, letter was delivered and signed for on May 23, 2024.

15. JCLP did not respond to the May 17, 2024, letter.

16. All conditions precedent, if any, to asserting cross-claims have been complied with.

**FIRST CROSS-CLAIM**
**(Breach of Contract – Duty to Indemnify)**

17. Secondary Defendants hereby incorporate by reference all prior allegations set forth in this responsive pleading.

9

3021556.2

18. The Sublease represents a valid and binding contract between Chefs Club and JCLP.

19. Elevated and De Baets are direct third-party beneficiaries of that contract and the provisions requiring JCLP to defend and indemnify Chefs Club and its Related Parties against claims like those asserted in this lawsuit.

20. Chefs Club, Elevated, and De Baets satisfied all of their contractual obligations or were legally excused from doing so.

21. JCLP breached the Sublease through the conduct described above, including, but not limited to, its failing to mount a defense on the behalf of Chefs Club, Elevated, and De Baets.

22. Secondary Defendants are entitled to actual damages, including, but not limited to, any monetary damages or equitable remedies entered against Secondary Defendants plus their reasonably incurred attorneys' fees and costs, in an amount to be proven at trial.

**WHEREFORE**, Defendants requests that this Court:

1. Enter judgment in favor of Defendants and against the JCLP;
2. Award Defendants their costs and attorneys' fees to the extent allowed by law; and
3. Award Defendants any and all such other and further relief as this Court deems just and proper under the circumstances.

DATED this 10th day of June, 2024.            Respectfully submitted,

/s/ *Macklin Henderson*
Christopher D. Bryan
Macklin Henderson
GARFIELD & HECHT, P.C.
625 East Hyman Avenue, Suite 201
Aspen, Colorado 81611
Telephone: (970) 925-1936
Fax: (970) 925-3008
E-mail: cbryan@garfieldhecht.com
E-mail: mhenderson@garfieldhecht.com
*Attorneys for Secondary Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2024, a true and correct copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS** was filed and served via CM/ECF upon all parties of record.

/s/ *Rebekah Ortell*
Rebekah Ortell

11

3021556.2